UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTAL MEDIA ENTERPRISES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VYHMALEK TRUCKING, BRODY L. ) <br> SCHLEGEL, and DOES 1-5, INCLUSIVE, ) <br> ) <br> Defendants. ) <br> ————————————————————) | CASE NO. CV 11-00908 RZ <br><br> ORDER TO SHOW CAUSE <br> WHY ACTION SHOULD NOT <br> BE DISMISSED FOR LACK OF <br> JURISDICTION |

    Federal courts are courts of limited jurisdiction, and if subject matter jurisdiction does not affirmatively appear, federal courts are presumed to lack jurisdiction. *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), *citing General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968-69 (9th Cir. 1981). Plaintiff grounds jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but has not properly pleaded the citizenship of any of the parties.

    Corporations have dual citizenship; they are citizens of the state in which they are incorporated, and they also are citizens of the state in which they have their principal place of business, 28 U.S.C. § 1332(c)(1). Both states of citizenship must be alleged in the Complaint. Plaintiff alleges that it is "a California corporation" with its principal place of business in California. The allegation that a corporation is "a California corporation" is not sufficient to allege the state in which the corporation is incorporated. *Fifty Associates v.*

1  *Prudential*, 446 F.2d 1187 (9th Cir. 1970). Accordingly, the dual citizenship of Plaintiff
2  does not affirmatively appear from the pleadings. Plaintiff also alleges that defendant
3  Vyhmalek Trucking is a corporation incorporated in the State of Nebraska, but does not
4  allege the state in which this defendant has its principal place of business. Thus the
5  corporate citizenship of these two parties has not been adequately set forth.
6        Finally, Plaintiff alleges that defendant Brody L. Schlegel resides in Arizona.
7  However, residence is not the same as citizenship, *Kanter v. Warner-Lambert Co.*, 265
8  F.3d 853, 857-58 (9th Cir. 2001); *Jeffcott v. Donovan*, 135 F.2d 213 (9th Cir. 1943). Thus,
9  the citizenship of this defendant also has not been pled.
10       It is therefore ordered that Plaintiff shall show cause in writing, not later than
11 March 2, 2011, why this action should not be dismissed for lack of subject matter
12 jurisdiction. The filing of an amended complaint within that time, correcting the
13 jurisdictional defect, shall discharge this Order to Show Cause.
14       IT IS SO ORDERED.

DATED: February 2, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE